IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| YVONNE NELSON, ) | Civil Action No. 4:11-03367-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN,[1] ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

The Plaintiff, Yvonne Nelson, filed her applications for DIB and SSI on April 22, 2009. Her applications were denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on June 21, 2011. In a decision dated July 13, 2011, the ALJ found that Plaintiff was not under a disability. The Appeals Council's denial of Plaintiff's request for review of the ALJ's decision made it the Commissioner's final decision for purposes of judicial review. Plaintiff, *pro se*, filed her complaint on December 12, 2011, seeking judicial review of the Commissioner's decision.

## FACTUAL BACKGROUND

The Plaintiff was born on October 21, 1972, and was thirty-five (35) years of age on the alleged onset date. She has at least a high school education and past work experience as a machine operator, a sales/cashier, and a housekeeper. (Tr. 21, 162).

## DISABILITY ANALYSIS

Plaintiff did not submit a brief in this case. Instead, Plaintiff submitted a letter stating that she had received the Defendant's answer but did not wish to respond, but stated she was attaching "a notice of subpoena pertaining to this case and all cases."[2] This letter was treated as Plaintiff's brief for filing purposes. (Doc. #51). Defendants filed a brief on September 21, 2012.

In the decision of July 22, 2011, the ALJ found the following:

---

[2] There were no documents attached to this entry.

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since September 30, 2008, the alleged onset date (20 CFR 404.1571 *et. seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: morbid obesity; degenerative disk disease of the lumbar spine; tender points in the left upper extremity; and major depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: no climbing and occasional engaging in other postural activities working in a low stress environment, defined as no fast-paced production or rigid quotas; and no ongoing interaction with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 21, 1972 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English. (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determinations of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills ( See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

      11.     The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 15-23).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial

gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## **ANALYSIS**

Sequential evaluation

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2008, her alleged onset date. At the second and third steps of the sequential evaluation, the ALJ determined that the medical evidence indicates that Plaintiff has the severe impairments of morbid obesity, degenerative disk disease of the lumbar spine, tender points in the left upper extremity, and major depressive disorder. As stated, Plaintiff has not provided any specific responses to Defendant's arguments.

The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work with the additional limitations of no climbing; occasionally engaging in other postural activities; working in a low stress environment, defined as no fast-paced production or rigid quotas; and no ongoing interaction with the general public. Based on this RFC, the ALJ determined that Plaintiff was not able to return to her past relevant work. As a result, the analysis progressed to step five where the Commissioner had the burden of showing that other jobs exist in significant numbers in the national economy that Plaintiff can perform based on her residual functional capacity, age,

education, and work experience. See Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The ALJ elicited the assistance of a VE to make this determination. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted). For a VE's opinion to be relevant, "it must be based upon a consideration of all other evidence in the record . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Johnson, 434 F.3d at 659 (quoting Walker, 889 F.2d at 50); see also English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993). An ALJ has discretion in framing hypothetical questions as long as they are supported by substantial evidence in the record, but the VE's testimony cannot constitute substantial evidence in support of the Commissioner's decision if the hypothesis fails to conform to the facts. See Swaim v. Califano, 599 F.2d 1309, 1312 (4th Cir. 1979). Yet the hypothetical posed to the VE need only reflect those impairments supported by the record. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001); Barnett v. Apfel, 231 F.3d 687, 690 (10th Cir. 2000); Cass v. Shalala, 8 F.3d 552, 556 (7th Cir. 1993).

In this case, the ALJ did not find the Plaintiff's statements, concerning the intensity, persistence, and limiting effects of the symptoms to be fully credible to the extent they were inconsistent with his RFC assessment. (Tr. 19). The ALJ may choose to reject a claimant's testimony regarding her pain or physical condition, but he must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989) (quoting Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)). "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to

make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 61 Fed. Reg. at 34486.

The ALJ concluded as follows:

> The claimant testified that she worked after her alleged onset date for short periods as a janitor and a laundry worker. A worker's compensation claim was filed at her last job for a neck and back injury that recurs with physical activity. She currently lives with her sister and during the day, the claimant testified she researches information about living on her own, noting that she was evicted from her apartment recently. The claimant reported that she has depression due to her financial situation and that she has two sons, ages 13 and 17, who are disabled due to asthma and autism. She reported that she drives her sons to their doctor's appointments. The claimant indicated that she attended technical school until recently. She stated that her medication for depression helped but that she had to stop taking it due to diabetes. The claimant indicated that she is not currently undergoing any medical or mental health treatment, due to finances. She reported that she also has weight problems and that her neck on the left side gets stiff and numb.

> The claimant's friend, Maria Rogers, testified that she sees the claimant on a regular basis and that she suffers from depression. She stated that the claimant has no interest in things that she used to like and that she is forgetful. She also indicated that the claimant does not have a social life. She also stated that she has to help the claimant with chores and taking her son to the doctor due to the claimant's inability to comprehend things.

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, the claimant's statements, and those of Ms. Rogers, concerning the intensity, persistence, and limiting effects of these symptoms are not credible.

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, the limiting effects of these symptoms are not credible to the extent they are inconsistent with the claimant's residual functional capacity assessment. Specifically, although the claimant testified that she feels better when she takes her medications, she chooses not to take them. In addition,

> the claimant has worked at less than substantial gainful activity levels and has collected unemployment in the 4th quarter of 2008, as well as, the 1st, 2nd, and 3rd quarters. I note that in South Carolina in order to collect unemployment benefits, one must certify that one is ready, willing and able to sustain full time employment. The claimant also testified and reported that she cares for her disabled son, taking him to doctor's appointments and that she herself is not currently undergoing any medical treatment. These factors, weighed collectively, reveal that despite her allegations to the contrary, the claimant is capable of performing a variety of activities at a sustained level. As a result, I give her testimony and that of Ms. Rogers, limited weight.

(Tr. 18-19).

The undersigned concludes the ALJ conducted the proper credibility analysis and cited substantial evidence to support his finding that Plaintiff's subjective complaints were not entirely credible. After considering the record, the ALJ found Plaintiff has the RFC to perform light work with the limitations as set out above. In the decision, the ALJ stated the following:

> I find that the claimant's major depressive disorder is consistent with her ability to perform a limited range of light work with the specific limitations of working in a low stress environment, defined as no fast-paced production or rigid quotas with no ongoing interaction with the general public. Treatment notes reveal that although the claimant experienced a brief period of increased depression with a GAF of 45-47 in September 2008 and in January of 2009, for the most part, the claimant's depression resulted in few limitations. . . . during her consultative examination in August of 2009 with Charles Jackson, M.D., the claimant appeared neatly groomed with a normal mood. She reported that she had driven herself to the exam and that she attended technical school 3 times per week during the school year, making satisfactory grades. The claimant also had normal psychomotor activity, good eye contact, and an appropriate affect. The claimant was capable of recalling 3 past presidents, correctly adding and multiplying numbers, and performing serial 7's without difficulty. She could interpret proverbs and make logical associations. Her long-term memory was intact and her short-term memory was partially intact. Dr. Jackson indicated that the claimant could independently and consistently persist to tasks in a timely manner and that she had no difficulties understanding, remembering, and carrying

> out simple instructions. Dr. Jackson also stated that the claimant had a GAF of 65 and that she had the ability to consistently and independently take care of her own food, shelter, hygiene, household chores, driving, and two children. . .Throughout the remainder of 2010-2011, the claimant's GAF remained steady at 60-65, despite her refusal to maintain her medications. As a result, I find that the claimant's major depressive disorder is consistent with her ability to perform a limited range of light work with the specific limitations of working in a low stress environment, defined as no fast-paced production or rigid quotas with no ongoing interaction with the general public. . . .
>
> I further find that the combined effects of the claimant's morbid obesity, degenerative disk disease of the lumbar spine, and tender points in the left upper extremity are consistent with her ability to perform a limited range of light work with the specific limitations of no climbing and occasionally engaging in other postural activities. . . . In April 2009, the claimant sought treatment for pain in her neck, left arm, and low back. X-rays showed no fractures, dislocations, or subluxation in her cervical or lumbar spine. . . . In May 2010, the claimant saw Harriet Steinert, M.D., for an orthopaedic consultative exam, at which time she had 5/5 muscle strength with no atrophy. She had normal deep tendon reflexes, she could flex at her waist to 90 degrees, and she had a normal gait. She did not need an assistive devise, and she could heel-toe walk without difficulty. In September of 2010, upon examination with Dr. Barbara Sarb, D.O., the claimant again had intact neurological findings . . . In January of 2011, the claimant underwent a functional capacities evaluation at which time she achieved light duty status with Dr. Sarb. In February of 2011, Dr. Sarb again reiterated that the claimant could lift and carry no greater than 20 pounds and 11 pounds shoulder to overhead. After considering the evidence, I find that although the claimant suffers from some limitations from fatigue, left upper extremity pain, and back pain, her exams have been, for the most part, only slightly abnormal. In addition, she remained capable of driving, caring for her own personal needs, performing household chores, attending school, and caring for her two disabled children despite her impairments. As a result, I find that the combined effects of the claimant's morbid obesity, degenerative disk disease of the lumbar spine, and tender points in the left upper extremity are consistent with her ability to perform a limited range of light work with the specific limitations of no climbing and occasionally engaging in other postural activities.

(Tr. 19-20).

The ALJ went on to discuss the opinion evidence on which he relied as follows:

> As for the opinion evidence, I give significant weight to the January 17, 2011 and February 11, 2011 findings of Dr. Sarb that the claimant could lift and carry no greater than 20 pounds and 11 pounds shoulder to overhead. In addition, consideration has been given to the reports of the state agency medical consultants as well as to other treating, examining and non-examining medical sources. Pursuant to Social Security Ruling 96-6p, 20 CFR 404.1527(f) and 416.927(f), the undersigned has considered the findings of fact made by state agency medical consultants and other program physicians regarding the nature and severity of the claimant's impairments. While these opinions are considered at the hearing level, the issue of whether the claimant is disabled is reserved to the Administrative Law Judge. The residual functional capacity conclusions reached by the physicians employed by the State Disability Determination Services found that the claimant was not disabled. Although these physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, these opinions do deserve some weight as they are supported by the objective medical evidence of record.

(Tr. 21).

Based on the evidence in the record, the ALJ's thorough discussion of the evidence, and the ALJ's decision, the ALJ's RFC finding is supported by substantial evidence and complies with the Social Security Rules. The record reflects that, in response to a hypothetical at the hearing which incorporated the limitations found by the ALJ to exist in this case, a vocational expert identified several jobs which Plaintiff could perform with her limitations. While Plaintiff may disagree with the findings of the ALJ, the undersigned has previously concluded that these findings are supported by substantial evidence in the record as that term is defined in the applicable case law. Hence, the hypothetical given by the ALJ to the vocational expert was proper, and the undersigned finds no grounds in the ALJ's treatment of the vocational expert's testimony for reversal of the final decision

of the Commissioner. Lee v. Sullivan, 945 F.2d 687, 692 (4th Cir. 1991)(ALJ not required to include limitations or restrictions in his hypothetical question that he finds are not supported by the record).

## CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. Richardson, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. Blalock, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. Shively v. Heckler, 739 F.2d at 989. If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." Blalock v. Richardson, 484 F.2d 773,775 (4th Cir. 1972). The Plaintiff has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, this Court concludes that the ALJ's findings are supported by substantial evidence. Therefore, it is ORDERED that the Commissioner's decision be AFFIRMED.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 29, 2013  
Florence, South Carolina